Statement.
MONROE, J.
Whilst Mr. and Mrs. Pierce, named in the caption, were living in New Orleans, the former obtained a judgment of separation of property, after which the couple moved to Wisconsin, where the husband died, leaving a minor son, issue of the marriage, and a considerable estate, and thereafter the widow brought suit against the minor and the executors of her deceased husband to annul the judgment so obtained and accord her the status of a widow in community. In that suit, the minor was represented by a curator and tutor ad hoc, who, after judgment (which was for plaintiff), proceeded by rule against the executor and against Mrs. Pierce, individually, to have his fee taxed as costs, and, the rule having been made absolute, and the fee fixed at $1,000 and taxed a$ costs, Mrs. Pierce, individually, and as guardian of the minor, has appealed, and urges in this court: (1) Insufficiency of evidence to sustain the judgment; and (2) failure to make the minor a party to the proceedings. Counsel for appellee say, in their brief:
“This judgment, if it is to be paid, will be paid by the executor, out of the interest of the minor, not out of .the interest of Mrs. Margaret Driscoll Pierce.”
Opinion.
It being conceded that the minor is the party in interest, from whose estate the judgment appealed from is to be satisfied, it is evident that he should have been made a party to the proceeding in which that judgment was obtained.
It is accordingly ordered, adjudged, and •decreed that the judgment appealed from be annulled, avoided, and reversed, and that this cause be remanded in order that the minor John Erie Pierce be made a party to the proceedings.